FILED

2008 Oct-01  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **TONY LEE JILES AND LEE WHITFIELD JILES,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) **Case No.: 4:08-CV-1415-VEH** |
| **v.** | ) |
| | ) |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

### I.     INTRODUCTION

Pending before the court is the Motion for More Definite Statement (Doc. 5) of the defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"). Although the plaintiffs, Tony Lee Jiles and Lee Whitfield Jiles ("Plaintiffs"), have not filed a response in opposition to this motion, Plaintiffs' time for briefing has now passed, and this motion is under submission to the court.  For reasons discussed below, the court finds that the Motion for More Definite Statement is due to be **DENIED**.

### II.    FACTUAL HISTORY

Plaintiffs filed a two-count complaint that requests (1) a stay of the foreclosure sale of Plaintiffs' house, and (2) an injunction preventing the defendants from foreclosing on the home and attempting possession or eviction. (Doc. 1, Ex. A at 4-6). The defendants to this action are Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association, successor in interest to Wachovia Bank, National Association as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2005-4 ("U.S. Bank").[1]

Specifically, Plaintiffs allege that they entered into a mortgage agreement with MERS on July 14, 2005. (Doc. 1, Ex. A at 4, ¶ 1). This mortgage agreement was recorded in the Probate Court of Cherokee County, Alabama in the amount of $98,600.00. *Id.* MERS served as mortgagee and the plaintiffs were to make monthly payments to MERS, though the mortgage failed to state what amount the initial monthly payments were. *Id.* at ¶¶ 2-4. MERS then assigned the mortgage on March 25, 2008 to what is now U.S. Bank. *Id.* at ¶ 5.

Plaintiffs allege that they were not notified of this assignment in writing by

---

[1] In its answer (Doc. 3), U.S. Bank states that it has been incorrectly named in the complaint. The correct name of U.S. Bank is "U.S. Bank National Association as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4." (Doc. 3 at 1).

MERS, as required by the terms of the Mortgage. *Id.* at ¶ 7. Plaintiffs then note that, although they were not in arrearage and had made all payments as required by the note and rider increases, U.S. Bank initiated a foreclosure action. *Id.* ¶¶ 11-12.

U.S. Bank posted a foreclosure notice that announced a sale less than thirty days from the last run date, which Plaintiffs claim violates Alabama law. *Id.* at ¶¶ 13-14. U.S. Bank also allegedly has no proof of default in order to effect foreclosure. *Id.* at ¶ 15.

Based on these specific facts, Plaintiffs claim in count one that the defendants collectively acted in concert "to create this predatory mortgage/foreclosure servicing system." *Id.* at ¶ 16. They also claim that both defendants have failed to comply with Fannie Mae/Freddie Mac loan servicing requirements, as well as the requirements of the Truth in Lending Act. *Id.* at ¶¶ 17-19. Finally, Plaintiffs allege that both defendants intentionally failed to act in good faith by following the terms of the mortgage. *Id.* at ¶ 18.

In the second count, Plaintiffs reallege all of their previous factual allegations. *Id.* at ¶ 20. Here, Plaintiffs seek the requested relief of an injunction on the grounds that the defendants failed to comply with the terms of the mortgage, and the loan servicing and foreclosure requirements imposed by Alabama law. *Id.* at ¶ 21.

MERS and U.S. Bank removed this case on August 7, 2008. (Doc. 1). U.S.

3

Bank filed its Answer (Doc. 3) to the Complaint also on August 7, 2008.  MERS filed

its  Motion for More Definite Statement (Doc. 5) on August 14, 2008.  Although the

court issued an Order (Doc. 6) establishing a briefing schedule for this motion,

Plaintiffs filed no response, and MERS's  motion is now under submission to the

court without the benefit of briefing by Plaintiffs.

## III.   ANALYSIS

"A party may move for a more definite statement of a pleading to which a

responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  In this regard, the

federal rules' pleading requirements do not impose a high standard for sufficiency.

> Federal Rule of Civil Procedure 8(a)(2) requires that a pleading
> contain a "short and plain statement of the claim" that shows that
> the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule
> of Civil Procedure 10(b) requires that the allegations of a claim
> "shall be made in numbered paragraphs, the contents of each of
> which shall be limited as far as practicable to a statement of a
> single set of circumstances . . . [and][e]ach claim found upon a
> separate transaction or occurrence . . . shall be stated in a separate
> count." FED.R.CIV.P. 10(b).

*Beckwith v. Bellsouth Tel. Inc.*,  146 Fed. Appx. 368, 371 (11th Cir. 2005).

"Motions for more definite statement are viewed with disfavor and are rarely

granted." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels,*

*etc, in rem*, 352 F. Supp. 2d 1218, 1221 (S.D.Ala. 2005) (citing *Aventura Cable Corp.*

4

*v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F.Supp. 1189, 1195 (S.D.Fla.1996) ("Federal courts generally disfavor such motions."); *Butler v. Matsushita Communication Industrial Corp. of U.S.*, 203 F.R.D. 575, 584 (N.D.Ga.2001) (noting that class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small")). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura*, 941 F.Supp. at 1195.  When a more definite statement is required, "if properly drawn, [it] will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 367 (11th Cir. 1996) (citing *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984).

In support of its Motion for More Definite Statement, MERS argues that the claims against them are "vague and ambiguous" because, "there appear to be no allegations specific to MERS' [sic] conduct in the Complaint."  (Doc. 5 at 3, ¶ 4). This argument is not supported by the record.

Several paragraphs in the complaint are specifically addressed to MERS and identify instances of improper conduct that can be attributed to MERS.  For example, Plaintiffs allege that MERS, as mortgagee, failed to provide or state the initial

monthly payments due under the note.  (Doc. 1, Ex. 1 at 4, ¶ 3).  Plaintiffs also allege that MERS assigned its rights as mortgagee to what is now U.S. Bank in a manner that was improper under the terms of the mortgage.  *Id.* at ¶¶ 5-7.  While Plaintiffs then proceed to make allegations specific to U.S. Bank, *id.* at ¶¶ 9-15, they ultimately base part of their requested relief in both counts upon the contention that MERS and U.S. Bank failed to follow the provisions of the mortgage in servicing the loan.  *Id.* at ¶¶ 18, 21.

It is certain that the complaint could be more clear or artfully drafted, but this alone does not mean that a more definite statement is required.  A motion for more definite statement is not intended to be a discovery device.  *See Aventura*, 941 F. Supp. at 1195.  It is only required when the complaint is so vague on its face that the defendant cannot reasonably prepare a response.  FED. R. CIV. P. 12(e).  The allegations in the current complaint simply do not rise to this level.

## IV.   CONCLUSION

For reasons the discussed in this Memorandum Opinion, MERS's Motion for More Definite Statement (Doc. 5) is due to be **DENIED**.  The complaint is not so vague as to prevent MERS from reasonably preparing a response.  An order consistent with this opinion will be entered.

**DONE** and **ORDERED** this the 1st day of October, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge